**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javon Stephon Harris, | No. CV-22-00447-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion Health, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Pending before the Court is Plaintiff's Motion to Appoint Counsel. (Doc. 12.) Plaintiff avers appointment of counsel is warranted because (1) she is incarcerated with limited access to legal resources, (2) she has a high likelihood of success on the merits of her claims, (3) the case is complex, and (4) her mental health diagnoses hinder her ability to represent herself. (*Id.*)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination concerning exceptional circumstances requires an evaluation of the likelihood of success on the merits and the ability of Plaintiff to articulate hers claims pro se in light of the complexity of the legal

issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear that exceptional circumstances are present that would require the appointment of counsel at this time. *See Wilborn*, 789 F.2d at 1331. Courts have not found that the typical impediments faced by incarcerated pro se plaintiffs constitute exceptional circumstances entitling them to appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Most of Plaintiff's expressed impediments to representing herself are common, not exceptional, circumstances. While the Court is sympathetic to Plaintiff's mental health challenges, Plaintiff's filing indicates she is prescribed medications to treat her diagnoses. (*See* Doc. 12-1.) Plaintiff does not allege that the medication or her mental health issues render her incapacitated. Furthermore, a review of the docket reflects that Plaintiff has thus far been able to articulate her claims. Finally, at this stage of the proceedings, before any dispositive motions have been resolved, Plaintiff has not demonstrated a likelihood of success on the merits.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 12) is **denied**.

Dated this 25th day of March, 2024.

_____
Honorable Rosemary Márquez
United States District Judge